5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jose C. MAFNAS, Petitioner,
and
Theodore R. Mitchell, Appellant,
v.
COMMONWEALTH OF the NORTHERN MARIANA ISLANDS, and Robert A.
Hefner, Respondents-Appellees.
 No. 92-17008.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 20, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose C. Mafnas and his attorney Theodore R. Mitchell appeal the Appellate Division of the district court for the Northern Mariana Islands' ("Appellate Division") imposition of sanctions against Mitchell pursuant to Northern Mariana Islands Local Rule of Appellate procedure 38 for filing a frivolous appeal. We have jurisdiction under 48 U.S.C. Sec. 1694b(c), and affirm.
 
 
 3
 The underlying action was brought by Mafnas against Judge Hefner of the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI") alleging that Hefner was not appointed or confirmed as required by the Commonwealth Constitution and the Commonwealth Judicial Reorganization Act of 1989, Northern Mariana Islands Pub.L. No. 6-25 (May 2, 1989) ("Act"). Mafnas's complaint was dismissed by the trial court for lack of standing. Mafnas and Mitchell appealed to the Appellate Division. On September 10, 1990, the Appellate Division dismissed Mafnas and Mitchell's appeal on jurisdictional grounds, and imposed sanctions against them for attempting to invoke the jurisdiction of the Appellate Division.
 
 
 4
 The Appellate Division imposed sanctions for double costs and double attorney's fee's against Mafnas and Mitchell in the amount of $6,291.00. Mafnas and Mitchell appealed to this court from the sanctions ordered by the Appellate Division. In Jose C. Mafnas and Theodore R. Mitchell v. Commonwealth of the Northern Mariana Islands, and Robert A. Hefner (No. 90-16531, Dec. 13, 1991), we reversed and remanded the sanctions imposed by the Appellate Division because Mafnas and Mitchell were not given notice and opportunity to be heard before the imposition of sanctions. On remand, the Appellate Division held a hearing on the matter and upheld the sanctions against Mitchell for filing a frivolous appeal. Mitchell now appeals to this court.
 
 
 5
 Mitchell argues that the filing of his appeal to the Appellate Division was not frivolous because the filing was necessary to protect his appeal rights. This argument lacks merit.
 
 
 6
 We review the district court's imposition of sanctions for an abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402-403 (1990).
 
 
 7
 Under Rule 38 of the Northern Mariana Islands Local Rules of Appellate Procedure, if the appellate court determines that an appeal is frivolous "it may award just damages and single or double costs to the appellee, including attorney's fees." N.Mar.I.Loc.R.App.P. 38. An appeal is frivolous when the result is obvious or the appellant's arguments of error are wholly without merit. Bell v. City of Kellog, 922 F.2d 1418, 1425 (9th Cir.1991).
 
 
 8
 Prior to May 2, 1989, the effective date of the Act, the Appellate Division served as the court of first appeal from decisions of the local trial court. 48 U.S.C. Sec. 1694b(a). The Act created the CNMI Supreme Court and immediately and completely divested the Appellate Division of jurisdiction over all appeals, including those appeals pending before it on May 2, 1989.
 
 
 9
 The Appellate Division subsequently concluded that the CNMI legislature did not have the power to divest it of jurisdiction over appeals properly filed before the Act's enactment on May 2, 1989. In Wabol v. Villacrusis, however, we overruled the Appellate Division and held that the Act properly divested the Appellate Division of jurisdiction over those appeals which were pending before it when the Act was passed. 898 F.2d 1381, 1387 (9th Cir.1990), as amended, 908 F.2d 411, 419 (9th Cir.1990), as amended 958 F.2d 1450, 1452 (9th Cir.1990).
 
 
 10
 Here, Mitchell filed his appeal in the Appellate Division on May 30, 1990, while the provisions of the Act were in effect. The Appellate Division dismissed this appeal on jurisdictional grounds pursuant to the Act and imposed sanctions for double costs and double attorney's fees against Mitchell on the basis that his attempt to invoke the jurisdiction of the Appellate Division was frivolous. In it's order imposing sanctions, the Appellate Division found that Mitchell's appeal was frivolous and was not filed in good faith because Mitchell (1) was involved in writing the Act that divested the Appellate Division of jurisdiction to hear this type of appeal, (2) he first filed this case in the CNMI Supreme Court, argued that only that court had jurisdiction, received a ruling in his favor on the issue, and proceeded in that court, and (3) he participated as an attorney for one of the parties in the Wabol decision which divested the Appellate Division of jurisdiction, and was aware of that decision prior to filing the appeal to the Appellate Division.
 
 
 11
 Mitchell argues, however, that given the jurisdictional uncertainty that existed at the time the appeal was filed in the Appellate Division, it was prudent to pursue the appeal in both the Appellate Division and the CNMI Supreme Court and that he should not be punished "for taking a cautious approach to this uncertain and confused jurisdictional predicament." We disagree.
 
 
 12
 The record indicates that at the time Mitchell filed his appeal with the Appellate Division on May 30, 1990, it was well settled that the CNMI legislature had properly divested the Appellate Division of jurisdiction over pending and future appeals. See Wabol 908 F.2d at 417. Moreover, Mitchell helped draft the Act that divested the Appellate Division of jurisdiction over this type of appeal. Therefore, it is clear from the record that prior to filing his appeal, Mitchell had knowledge of the jurisdictional change enacted by the CNMI legislature.
 
 
 13
 Accordingly, because the law divesting the Appellate Division of jurisdiction over Mitchell's appeal was well settled at the time he filed the appeal, the Appellate Division did not abuse it's discretion by imposing sanctions against Mitchell for filing a frivolous appeal. See Bell, 922 F.2d at 1425.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3